UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT NELSON,

    Plaintiff,

v.

CASE NO: 8:03-cv-2622-T-30TBM

CITY OF TAMPA, FLORIDA; DAVID
DIMARCO, in his individual capacity as a City
of Tampa, Florida, police officer; and JAMES
BRYAN, III, in his individual capacity as a
City of Tampa, Florida, police officer,

    Defendants.

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, Robert Nelson, by and through his undersigned counsel, and hereby sues the defendants, the City of Tampa, Florida, and Police Officers David DiMarco and James Bryan, III, and alleges:

### INTRODUCTION

1. This is an action brought by a United States citizen and resident of the State of Florida, who was the victim of the use of excessive force by City of Tampa Police Officers David DiMarco and James Bryan, III.

2. Plaintiff alleges violation of his federal civil rights, specifically his Fourth and Fourteenth Amendment right to be free from a seizure rendered unreasonable by law enforcement officers' use of unreasonable and excessive force. Plaintiff also alleges municipal liability for the civil rights violation. Plaintiff, finally, alleges that the defendant law enforcement officer committed the state law tort of battery. Plaintiff seeks declaratory and compensatory relief, punitive damages, and all costs, including his attorney's fees.

## JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. §§ 1983 & 1988 and Florida common law. Jurisdiction is founded on 28 U.S.C. §§1331 & 1343, and plaintiff relies on this Court's supplemental jurisdiction over the state law claim as provided by 28 U.S.C. §1367.

4. All incidents material to this action occurred in Hillsborough County, Florida, and all defendants reside in Hillsborough County, Florida. Venue is thus proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. §1319(b) and Local Rule 1.02(b)(4).

## PARTIES

5. Plaintiff Robert Nelson is an adult United States citizen and a resident of the State of Florida.

6. Defendants David DiMarco and James Bryan, III were, at all times relevant to the matters addressed in this lawsuit, employed as police officers by the City of Tampa, and are sued in their individual capacities only.

7. Defendant City of Tampa, Florida is a political subdivision of the State of Florida and of Hillsborough County, Florida.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. Plaintiff timely filed his notice of claim pursuant to § 768.28, Fla. Stat. (2001), regarding his supplemental state tort claim against defendant City of Tampa, and has provided defendant City of Tampa, Florida the required amount of time to resolve his claim. There is no administrative exhaustion requirement regarding plaintiff's civil rights claim under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On December 16, 1999, plaintiff drove his vehicle to an apartment complex located in Tampa. He intended to purchase illegal narcotics.

10. Unknown to plaintiff, however, on that date and at that location, officers of the Tampa Police Department were conducting "Operation Lockout." Acting in an undercover capacity, police officers posed as sellers of illegal drugs. According to the undercover plan, anyone buying illegal drugs would be arrested by fellow police officers monitoring the transaction.

11. Without leaving the driver's seat of his vehicle, plaintiff attempted to purchase illegal drugs from one of the undercover officers.

12. Once plaintiff handed the undercover officer 30 dollars, the agreed purchase price, the undercover officer signaled other members of Operation Lockout to converge on plaintiff's vehicle and arrest him.

13. Plaintiff fled a short distance in his vehicle, exited it, and then fled a short distance on foot.

14. Officers had no articulable reason to believe that plaintiff was armed with a weapon, and in fact plaintiff had no weapon, whether on his person or in his vehicle.

15. Police officers secured plaintiff on the ground, face down.

16. While plaintiff was secured on the ground, defendant DiMarco, with a closed fist, punched plaintiff multiple times, including at least three forceful punches to plaintiff's face.

17. After handcuffing the plaintiff, the arresting officers, including defendant DiMarco, roughly escorted plaintiff from the scene of the arrest. Defendant DiMarco picked up plaintiff from the ground by his shirt, ripping it. As other officers escorted plaintiff, defendant DiMarco, using his hand, forcefully applied pressure in the area under plaintiff's chin, forcing plaintiff's head upward

while he was being escorted. This was very painful.

18. Defendant DiMarco then directed plaintiff toward the side of the bed of a pickup truck, which was being used in the undercover operation.

19. The bed of the pickup truck, of course, was equipped with a gate that could be readily lowered for the purpose of loading cargo, human or otherwise.

20. Instead of lowering the gate and safely securing plaintiff inside the bed of the pickup truck, however, defendant DiMarco pushed plaintiff into the side panel of the truck's bed.

21. Plaintiff remained handcuffed behind his back.

22. Then, defendant DiMarco and defendant Bryan lifted plaintiff into the air, and recklessly threw him up and over the side panel of the pickup truck.

23. Plaintiff landed very hard in to the bed of the truck. He landed on his head, face, and neck.

24. This incident was captured on videotape by a news team invited to document the public service performed by members of Operation Lockout.

25. As a result of the punches by defendant DiMarco, and the violent actions of defendants DiMarco and Bryan in throwing plaintiff into the bed of the truck while handcuffed, he suffered pain and serious physical injuries. Plaintiff suffered a fractured jaw, a fractured zygomatic arch (cheekbone), cranial nerve damage, a fractured rib, two black eyes, and multiple bruises and contusions.

## COUNT I

(42 U.S.C. § 1983 Claims Against Defendants DiMarco and Bryan)

Plaintiff sues defendants DiMarco and Bryan and states:

26. All allegations of paragraphs 1 through 25 are realleged in full and adopted herein.

27. Defendants DiMarco and Bryan effected an unreasonable seizure of plaintiff in that the force used was unreasonable and excessive, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and actionable through 42 U.S.C. § 1983. As a result, plaintiff suffered serious injuries and pain. Also, defendant's use of unreasonable and excessive force during the seizure was malicious.

## COUNT II

(Supplemental State Tort Claims Against Defendant City of Tampa, Florida)

Plaintiff sues defendant City of Tampa, Florida and states:

28. All allegations of paragraphs 1 through 25 are realleged in full and adopted herein.

29. Defendants DiMarco and Bryan committed a battery upon Robert Nelson, which is actionable against defendant City of Tampa, Florida pursuant to § 768.28, Fla. Stat. (2003). As a result, plaintiff suffered serious injuries and pain.

## COUNT III

(42 U.S.C. § 1983 Claim Against Defendant City of Tampa, Florida)

Plaintiff sues defendant City of Tampa, Florida and States:

30. All allegations of paragraphs 1 through 25 are realleged in full and adopted herein.

31. The City of Tampa's failure to train defendants DiMarco and Bryan on the appropriate use of force caused plaintiff's constitutional deprivation.

32. The City of Tampa's final policymaker in the area of police officers' use of force was aware that training is necessary to avoid the excessive and unreasonable use of force by City of Tampa police officers when arresting citizens.

33. However, the City of Tampa failed to train defendants DiMarco and Bryan to ensure

that their use of force when arresting citizens was not excessive or unreasonable.

34. As a result of the City of Tampa's failure to train defendants DiMarco and Bryan, plaintiff suffered serious injuries and pain.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Robert Nelson prays that this Court will enter relief in the following terms:

1. A judgment for declaratory and compensatory relief;

2. A judgment for punitive damages on Count I;

3. An award of costs, including attorney's fees, pursuant to 42 U.S.C. § 1988 on Count I and Count III, and

4. Such other relief as the Court deems just and proper.

Finally, plaintiff request a trial by jury.

Respectfully submitted this 16th day of December, 2003.

FARMER AND FITZGERALD, P.A.

_____
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
708 E. Jackson St.
Tampa, Florida 33602
(813) 228-0095
FAX (813) 224-0269

TRIAL COUNSEL FOR PLAINTIFF

6